

**May 20, 2024**

Elliott Averett
Direct: +1 949 223 7226
Fax: +1 949 437 8826
elliott.averett@bclplaw.com

BRYAN CAVE LEIGHTON PAISNER LLP
1920 Main Street Suite 1000
Irvine CA 92614 7276
T: +1 949 223 7000
F: +1 949 223 7100
bclplaw.com

**Via ECF**

Molly Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

**Re:** ***United States v. Puig Valdes*, No. 23-3214**
**(arg. & sub. May 13, 2024—Collins, H. Thomas & Johnstone)**

Dear Ms. Dwyer:

The government's efforts to distinguish *United States v. Norris*, 486 F.3d 1045 (8th Cir. 2007) (en banc), and *United States v. Vizcarrondo-Casanova*, 763 F.3d 89 (1st Cir. 2014), and convince the Court that adopting its position will avoid a circuit split are unavailing. Ruling for the government will deepen the existing split between *United States v. Washburn*, 728 F.3d 775, 781 (8th Cir. 2013), and *United States v. Kuchinksi*, 469 F.3d 853, 858 (9th Cir. 2006), create a new circuit split with *Vizcarrondo-Casanova*, and would be contrary to this Court's holdings in *Kuchinski, United States v. Savage*, 978 F.2d 1136, 1138 (9th Cir. 1992), and *United States v. Floyd*, 1 F.3d 867, 870 (9th Cir. 1993).

*Norris* was based on "the general rule that the court must have accepted a guilty plea before the parties may be bound to an associated plea agreement." 586 F.3d at 1051.[1] *Vizcarrondo-Casanova* is clear that plea agreements do not bind defendants until accepted by the district

---

[1] While *Washburn*, 728 F.3d at 781, apparently held that plea agreements are enforceable when signed, that decision never cited *Norris*—even to distinguish it.

Re:     *United States v. Puig Valdes*, No. 23-3214
Date:   May 20, 2024
Page:   2 of 2



court. 763 F.3d at 103 & n.9 ("tak[ing] the same approach" as *Norris* and *Savage*). Notably, although *Vizcarrondo-Casanova* post-dated *United States v. Puckett*, 556 U.S. 129, 137 (2009), the First Circuit still considered *Savage* and *Norris* good law.

Nor should this Court depart from *Floyd*'s holding that "[a] plea agreement … must be accepted by the court before it is binding" because "Rule 11 requires the district judge, in open court, to determine that *the agreement* is voluntary." 1 F.3d at 870 (emphasis added). *Norris* agreed that, under Rule 11, "the defendant's promise … [is] merely executory until the district court accepts the defendant's associated guilty plea." 486 F.3d at 1051; *see also Vizcarrondo-Casanova*, 763 F.3d at 103 & n.9. Rule 11(d)(1) "necessarily implies that a defendant may withdraw from a plea agreement, as well as from a plea of guilty, at any time before the court accepts the plea." *Norris*, 486 F.3d at 1053 (Colloton, J., concurring).

Very truly yours,

Elliott Averett